**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAIME BANDA, BOP No 31229-177, | § |
|     Defendant-Movant, | § |
| | § |
| v. | § No.  3:03-CR-0355-M |
| | §(No.  3:05-CV-0318-M) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff-Respondent. | § |

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type Case</u>:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

<u>Parties</u>: Jamie Banda ("Banda" or "Movant") is a federal prisoner currently confined at FCI Beaumont in Beaumont, Texas.  Respondent is the United States of America.

<u>Statement of the Case</u>: Banda pled guilty to conspiracy to possess with intent to distribute a controlled substance on December 5, 2003.  On March 10, 2004, he was sentenced to 97 months in the penitentiary, 4 years of supervised release, and a special assessment in the amount of $100.  Movant did not appeal.

Banda filed the present motion on March 10, 2005.[1]   The United States filed a response on

---

[1] Banda previously filed a motion for appointment of counsel on February 4, 2005.  The court construed this pleading as a § 2255 and ordered Banda to either withdraw his motion or file an amended § 2255 motion.  *See* Order filed on Feb.  14, 2005.  In compliance with the order

1

April 4, 2005.

Findings and Conclusions: In his first ground for relief, Movant contends that he was entitled to a four level reduction under USSG § 3B1.2 because he was a minimal participant in the crime. In his second ground for relief, he contends that he is entitled to a two level downward departure under USSG § 5C1.2 because he was a non-violent first time offender. In his third ground for relief, he asserts that he is entitled to a downward departure under USSG § 3E1.1(B)(2) for acceptance of responsibility. In his fourth ground for relief, he alleges error under *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). Banda waived the right to bring all claims under § 2255, except those claims relating to ineffective assistance of counsel, in his plea agreement. (*See* Plea Agreement, ¶ 11, cited in the Government's Resp. at page 3). His waiver was knowingly and understandably entered and is enforceable. *See, e.g., United States v. White,* 307 F.3d 336, 339 (5th Cir. 2002). Therefore he is prohibited from seeking relief pursuant to § 2255 on the grounds asserted.

In the alternative, he is not entitled to relief on the grounds asserted. Banda is barred from raising his first three claims on collateral review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)("Misapplications of the Sentencing Guidelines ... are not cognizable in § 2255 motions."). Additionally, his allegations are wholly conclusory and thus fail to present a cognizable claim. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

In his fourth ground for relief, Banda claims that the District Court erred in sentencing

---

Banda thereafter filed his § 2255 motion on the standard form for § 2255 motions. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir.1998)(per curiam).

2

him based on factors not included in his indictment and not stipulated by judicial confession. Although the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), held that the United States Sentencing Guidelines were advisory rather than to be mandatorily applied, the Court made clear that the holdings in *Booker* applied only to cases on direct review. *Id.* at 769. Therefore, Banda cannot seek relief in § 2255 proceedings based on the *Booker* decision.[2]

---

[2] Although the Fifth Circuit has not yet expressly addressed a *Booker* claim in the context of an initial § 2255 motion, *but see In re Elwood*, 408 F.3d 211 (5th Cir. 2005), in which the Fifth Circuit refused to grant leave to a habeas petitioner to file a successive § 2255 motion predicated on the *Booker* decision, in accordance with the Supreme Court's statement in *Booker*, each court of appeal which has addressed this issue has refused to consider a *Booker* claim asserted in a collateral attack (28 U.S.C. §§ 2254 and 55). *E.g,, United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *Cirilo-Muñoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir.),*cert denied* __ U.S. __, 125 S.Ct. 2559 (2005); *Green v. United States*, 397 F.3d 101 (2nd Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *see also Rosales v. United States*, 2005 WL 840122 (N.D. Tex. Apr.11, 2005); *Arvizo-Pena v. Medellin*, 2005 WL 734996 (N.D. Tex. Mar. 31, 2005); *United States v. Jordan*, 2005 WL 598449 (N.D. Tex. Mar. 10, 2005).

RECOMMENDATION:

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255.  It is therefore recommended that the motion be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and to counsel for Respondent.

**SIGNED** this 15th day of August, 2005.

_Wm. F. Sanderson Jr._
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.